UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

YOUSEF MALALLAH,

     Plaintiff,                       DEMAND FOR JURY TRIAL

-vs-                             Case No.
                                      Hon.

LEGEND MOTORS OF WATERFORD INC,
VIBE CREDIT UNION,
NORMAN DEHKO, and
SOMERSET AUTO BODY OF MI, INC.,

     Defendants.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Yousef Malallah who resides in Romulus, Michigan in Wayne County.

1

4.    The Defendants to this lawsuit are as follows:

    a.    LEGEND MOTORS OF WATERFORD INC. ("LMOWI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

    b.    VIBE CREDIT UNION ("VCU"), which is a corporation doing business in Michigan at 44575 W 12 Mile Rd, NOVI, MI 48377.

    c.    NORMAN DEHKO, an individual who resides within the boundaries of this Court.

    d.    SOMERSET AUTO BODY OF MI, INC., ("SABOMI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

5.  At all relevant times LMOWI – in the ordinary course of its business --
    regularly extended or offered consumer credit for which a finance charge is, or
    may be imposed or which, by written agreement is payable in more than four
    installments and is the person to whom the transaction which is the subject of
    this action is initially payable.

6.  LMOWI is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z §
    226.2(a)(17).

7.  At all relevant times, NORMAN DEHKO was acting as an agent for and on
    behalf of SABOMI.

8.  Under M.C.L. § 492.114a and under the express terms of the retail installment
    contract, VCU is subject to all claims and defenses that arise against the seller
    for the sale of the vehicle, and is jointly liable to the extent of any payments
    received from Mr. Malallah.

## VENUE

9.  The transactions and occurrences which give rise to this action occurred in
    Oakland County.

10. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

11.   On or about January 23, 2016, Dr. Muhammad Munir purchased a 2015 Maserati Ghibli, VIN 1G6AH5RX9F0109451 ("the vehicle") with actual mileage of 12,348.

12.   On August 30, 2017, Dr. Munir had the vehicle serviced in Troy, Michigan and the mileage on the vehicle at that time was 36,842 actual miles.

13.   On November 2, 2017, Dr. Munir had the vehicle serviced in Troy, Michigan and the mileage on the vehicle at that time was 38,072 actual miles.

14.   On March 1, 2018, Dr. Munir had the vehicle serviced in Troy, Michigan and the mileage on the vehicle at that time was 43,324 actual miles.

15.   On September 27, 2018, Dr. Munir had the vehicle serviced in Troy, Michigan and the mileage on the vehicle at that time was 51,838 actual miles.

16.   In August of 2020, Dr. Munir sold the vehicle to Defendants NORMAN DEHKO and SABOMI with actual miles of approximately 55,000.

17.   When Defendants NORMAN DEHKO and SABOMI took possession of the vehicle and the title to the vehicle from Dr. Munir, they instructed Dr. Munir to leave the mileage disclosure blank; thus, Defendants NORMAN DEHKO and SABOMI took incomplete title and did so with the intent to defraud subsequent purchasers such as the Plaintiff.

18. From August of 2020 until January of 2021, NORMAN DEHKO used the vehicle and increased the mileage on the vehicle.

19. After  Defendants NORMAN DEHKO and SABOMI took possession of the vehicle and the title, Defendants NORMAN DEHKO, SABOMI, and LMOWI tampered with the odometer, rolling it back to approximately 38,836 miles and transferred title to LMOWI, skipping SABOMI in the chain of title.

20. On or about January 8, 2021, SABOMI falsely advertised the vehicle for sale and represented that the vehicle had 38,836 actual miles.

21. On or about January 23, 2021, LMOWI falsely represented to Plaintiff that the vehicle had 38,836 actual miles.

22. On or about January 23, 2021, Plaintiff executed a purchase and finance agreement known as a retail installment contract with LMOWI for the vehicle, relying on LMOWI's false representation.

23. On or about January 23, 2021, LMOWI falsely certified on the transfer of title to the State of Michigan and to Plaintiff that the vehicle had 38,836 actual miles.

24. The retail installment contract is currently held by VCU.

25. Before executing the retail installment contract, LMOWI made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a.    that the vehicle miles were actual

    b.    the vehicle had 38,836 miles

26. Before executing the purchase agreement, LMOWI made the following specific representations which constituted express warranties:

    a.    that the vehicle miles were actual

    b.    the vehicle had 38,836 miles

27. The vehicle did not meet LMOWI's specific representations which constituted express warranties.

28. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 *et seq*.

29. Plaintiff has suffered damages as a result of the acts and the omissions of the Defendants as set forth herein.

## COUNT I -- Federal Odometer Act (LMOWI and VCU)

30. Mr. Malallah incorporates the preceding allegations by reference.

31.   Under M.C.L. § 492.114a and under the express terms of the retail installment contract, VCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Malallah.

32.   By failing to provide Mr. Malallah with a legal and conforming odometer disclosure at the time of sale, LMOWI has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

33.   The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

34.   The odometer statement presented to Mr. Malallah did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Mr. Malallah.

35.   LMOWI knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Mr. Malallah.

36.   Upon information and belief, LMOWI rolled back or otherwise tampered with the odometer before selling the vehicle to Mr. Malallah.

37.   Plaintiff has suffered damages as a result of Defendant's violations and is entitled to relief as set forth in 49 U.S.C. § 32701-32711.

## COUNT  II  --  Magnuson-Moss Warranty Act

## (LMOWI and VCU)

38.   Mr. Malallah incorporates the preceding allegations by reference.

39.   Under M.C.L. § 492.114a and under the express terms of the retail installment
contract, VCU is subject to all claims and defenses that arise against the seller
for the sale of the vehicle, and is jointly liable to the extent of any payments
received from Mr. Malallah.

40.   Malallah is a consumer as defined in 15 U.S.C. §2301(3).

41.   The express representations made by LMOWI are contrary to the terms stated
in the buyers guide, and therefore violate 16 C.F.R. §455.4 and constitute an
unfair or deceptive practice under 15 U.S.C. 2301 *et seq*.

42.   Under 15 U.S.C. §2301(a)(1), LMOWI, must remedy any defect, malfunction
or nonconformance of the subject vehicle as a warrantor of the vehicle.

43.   LMOWI has violated 15 U.S.C. §2304(d) by failing to provide the required
remedy for the failure to honor a written warranty.

44.   Mr. Malallah has suffered damages as a result of these breaches of warranty
and failure to provide a remedy under 15 U.S.C. §2304(d).

45.   Mr. Malallah suffers continuing damages as a result of these breaches of
warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

## COUNT III -- Michigan Odometer Act

## (LMOWI and VCU)

46.   Mr. Malallah incorporates the preceding allegations by reference.

47.   Under M.C.L. § 492.114a and under the express terms of the retail installment contract, VCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Malallah.

48.   The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

49.   The odometer statement presented to Mr. Malallah did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Mr. Malallah.

50.   LMOWI knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Mr. Malallah .

51.   LMOWI knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Mr. Malallah.

52.    LMOWI tampered with the odometer and rolled it back.

53.   Plaintiff has suffered damages as a result of LMOWI's violations of the
Michigan Odometer Act.

### COUNT  IV  -- Federal Odometer Act (NORMAN and SABOMI)

54.   Mr. Malallah incorporates the preceding allegations by reference.

55.   Defendants NORMAN and SABOMI tampered with the vehicle's odometer
with the intent to defraud.

56.   Plaintiff has suffered damages as a result of Defendant's violations and is
entitled to relief as set forth in 49 U.S.C. § 32701-32711.

### COUNT  V  -- Michigan Odometer Act

### (NORMAN and SABOMI)

57.   Mr. Malallah incorporates the preceding allegations by reference.

58.   Defendants NORMAN and SABOMI tampered with the vehicle's odometer
with the intent to defraud.

59.   Plaintiff has suffered damages as a result of LMOWI's violations of the
Michigan Odometer Act.

### COUNT  VI  -- Violation of Michigan Consumer Protection Act

### (LMOWI and VCU)

60.   Mr. Malallah incorporates the preceding allegations by reference.

61.    Under M.C.L. § 492.114a and under the express terms of the retail installment contract, VCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Malallah.

62.    LMOWI is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

63.    LMOWI has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L. § 445.903, including but not limited to the following:

   a.    Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

   c.    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

     d.     Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

     e.     Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

     f.     Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

     g.     Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

64.     Mr. Malallah has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

65.     Mr. Malallah suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT VII  -- Misrepresentation

## (LMOWI and VCU)

66.  Mr. Malallah incorporates the preceding allegations by reference.

67.  Under M.C.L. § 492.114a and under the express terms of the retail installment contract, VCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Malallah.

68.  The material representations were intended to induce the reliance of Mr. Malallah.

69.  The material representations did induce the reasonable reliance of Mr. Malallah.

70.  LMOWI made the material representations with actual knowledge of their falsity.

71.  LMOWI made the material representations with reckless disregard to their truth or falsity.

72.  LMOWI made the material representations even though it should have known that they were false.

73.  These actions constitute a misrepresentation upon Mr. Malallah by LMOWI.

74.  Mr. Malallah has suffered damages as a result of this misrepresentation.

75.   As a result of this misrepresentation, Mr. Malallah suffers continuing damages.

## COUNT VIII  -- Breach of Contract

## (LMOWI and VCU)

76.   Mr. Malallah incorporates the preceding allegations by reference.

77.   Under M.C.L. § 492.114a and under the express terms of the retail installment
contract, VCU is subject to all claims and defenses that arise against the seller
for the sale of the vehicle, and is jointly liable to the extent of any payments
received from Mr. Malallah.

78.   LMOWI's tender of the performance did not conform as a result of the vehicle's
inaccurate odometer at the time of delivery.

79.   The failure of LMOWI to deliver conforming goods, title, and follow up
services at the contract price constitutes a material breach of contract.

80.   Mr. Malallah has suffered damages as a result of this breach of contract.

81.   Mr. Malallah suffers continuing damages as a result of this breach of contract.

## COUNT IX  -- Breach of  Warranties

## (LMOWI and VCU)

82.   Mr. Malallah incorporates the preceding allegations by reference.

83.  Under M.C.L. § 492.114a and under the express terms of the retail installment contract, VCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Malallah.

84.  Mr. Malallah has suffered damages as a result of these breaches of warranty.

85.  Mr. Malallah suffers continuing damages as a result of these breaches of warranty.

## **JURY DEMAND**

86.  Yousef  Malallah demands a jury trial in this case.

## **REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court grant the following relief:

1.  *Assume jurisdiction over this case including all supplemental claims.*

2.  *Award actual damages.*

3.  *Award treble damages.*

4.  *Award statutory  damages.*

5.  *Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   <u>/s/ Adam G. Taub</u>
       Adam G. Taub (P48703)
       Attorney for Yousef Malallah
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:  adamgtaub@clgplc.net

Dated:  February 19, 2021